IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RUNELL MAYE,                    :

    Plaintiff,                  :

vs.                             :     CA 06-0055-C

JO ANNE B. BARNHART,            :
Commissioner of Social Security,
                                :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits and supplemental security income.  The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 16 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 17 (order of reference)) Upon consideration of

the administrative record, plaintiff's proposed report and recommendation, and the Commissioner's proposed report and recommendation,[1] it is determined that the decision to deny benefits should be affirmed.[2]

Plaintiff alleges disability due to back pain and cervical disc herniation. The Administrative Law Judge (ALJ) made the following relevant findings:

> 3. The claimant has the following "severe" impairments: arthritis; history of right carpal tunnel syndrome status post release; lumbar spine radiculapathy; history of herniated cervical disk status post cervical diskectomy and fusion; and systemic hypertension due to poor compliance with medication.
>
> 4. The claimant's impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> 5. The claimant's assertions concerning the ability to work are not credible.
>
> 6. The claimant retains the residual functional capacity to perform the exertional demands of light work with the following abilities, limitations and restrictions: sit on an unlimited basis; stand for 2 hours at one time for a total of 5 hours; walk for 1 hour at one time for a total of 3 hours; constantly lift less than 10 pounds; frequently lift 10-15 pounds; occasionally lift 15-20 pounds; never lift more than 20 pounds; constantly carry less

---

[1] The parties waived oral argument. (Doc. 15; *see* Doc. 18 (order granting joint motion to waive oral argument))

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 16 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court."))

>than 10 pounds; frequently carry 10-15 pounds; occasionally carry 15-20 pounds; never carry more than 20 pounds; occasionally push/pull with right arm; frequently push/pull with left arm; occasionally push/pull with right leg; occasionally push/pull with left leg; occasionally climb; never balance; never stoop; never kneel; never crouch; never crawl; constantly handle; constantly finger; constantly feel; constantly talk; constantly hear; and occasionally reach (including overhead); occasionally work in environments of extreme cold; occasionally work in environments of extreme heat; occasionally work in environments of wetness/humidity; occasionally work in environments of high, exposed places; frequently work in environments of fumes (noxious odors, dusts, mists, gases, and poor ventilation); occasionally work in environments of proximity to moving mechanical parts; and frequently work in environments of driving automotive equipment.
>
>7. The claimant can perform past relevant work.
>
>8. The claimant is not disabled within the meaning of the Social Security Act.

(Tr. 26-27) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical

facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a trimmer, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3]

The sole argument raised by the claimant in this case is that the Appeals Council ("AC"), in denying her request for review, erroneously determined

---

[3] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

that the new information submitted to it did "not provide a basis for changing the Administrative Law Judge's decision." (*See* Tr. 4-5)

In this case, the new evidence submitted by plaintiff consists of medical records dated October 11, 2004, November 16, 2004, December 20, 2004, January 27, 2005, March 3, 2005, April 14, 2005, and June 1, 6 and 13, 2005 from Dr. Eric Pearson (Tr. 214-219 & 221-232); a clinical note dated February 9, 2005 from Dr. James Watson as well as two physical capacities evaluation forms (PCEs) completed by Dr. Watson, one dated January 26, 2005 and the second dated March 23, 2005 (Tr. 220 & 235-236); and a clinical assessment of pain form completed by Dr. L. Keith Guinn on February 3, 2005 (Tr. 237-238).

In *Falge v. Apfel*, 150 F.3d 1320 (1998), *cert. denied*, 525 U.S. 1124, 119 S.Ct. 907, 142 L.Ed.2d 905 (1999), the Eleventh Circuit recognized two different kinds of cases which allow a reviewing court to "consider evidence submitted only to the AC." *Id*. at 1323; *see also id*. at 1324.

> For example, 42 U.S.C. § 405(g) permits courts to remand a case to the Social Security Administration for consideration of newly discovered evidence. To succeed on a claim that remand is appropriate, Falge would have had to show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate

5

> administrative level. . . .
>
> We accept that, if an applicant can show good cause for his failure to introduce evidence during a hearing before the ALJ (even if the evidence was available to the applicant before the ALJ's decision) courts may consider that evidence in deciding whether the case should be remanded for further administrative proceedings to include the new evidence. . . .
>
> And, we can think of another kind of case where we will consider evidence submitted only to the AC. "When the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision [the denial of review] is . . . subject to judicial review because it amounts to an error of law." . . . To review the AC's denial of review, courts will have to look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision. *See* 20 C.F.R. § 404.970(b) ("Appeals Council *shall* evaluate the entire record including the new and material evidence submitted to it if it relates to the period on or before the date of the administrative law judge hearing decision.") (emphasis added); 20 C.F.R. § 416.1470(b) (same).

*Id*. at 1323-1324.  This case clearly falls within the second category of cases recognized in *Falge* as, here, the Appeals Council, in denying review, clearly determined that the evidence submitted to it was not material. *Compare* Tr. 4-5 *with Falge*, 150 F.3d at 1324. Therefore, in order for this Court to review the AC's denial of review, it must "look at the pertinent evidence to determine if the evidence is new and material, the kind of evidence the AC must consider in making its decision whether to review an ALJ's decision." *Id*.

6

The Court finds no error of law in this case because the Appeals Council correctly determined that the evidence submitted to it by plaintiff would not change the ALJ's decision. "To be material, the evidence must be relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). While the evidence submitted by plaintiff from Drs. Pearson, Watson and Guinn would have to be regarded as relevant and probative under *Caulder*, since these records relate to impairments Maye raised throughout the administrative proceedings as sources of her disability (i.e., cervical and lumbar back problems), plaintiff nevertheless has failed to demonstrate any reasonable possibility that this evidence would change the administrative outcome inasmuch as the record before the ALJ contained a gracious amount of evidence about plaintiff's cervical and lumbar back problems (*see* Tr. 133-171 & 195-201) for the ALJ to make an informed decision about these conditions and their impact upon her ability to perform basic work activities. *See Smith v. Bowen,* 792 F.2d 1547, 1550 (11th Cir. 1986) ("Each time a claimant undergoes new medical treatment, the results of the treatment do not automatically necessitate a remand of the case."); *Caulder, supra,* 791 F.2d at 876 ("We agree with the Fifth Circuit's observation that 'not every discovery

of new evidence, even if relevant and probative, will justify a remand to the [Commissioner], for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing."); *cf. id.* at 878 ("We find that there is a reasonable possibility that the new evidence would change the administrative outcome because it consists of medical evidence that relates directly to one of Caulder's principal alleged impairments, **about which there was inadequate evidence presented to the ALJ**."). The records from Dr. Pearson reflect nothing more than a continuation of conservative care for treatment of plaintiff's cervical and lumbar problems, including epidural steroid injections, physical therapy, and anti-inflammatory and pain medications (Tr. 214-219 & 223-232); the two PCEs from Dr. Watson are internally inconsistent and unsupported by contemporaneous office notes (*see* Tr. 235-236); and the pain assessment form completed by Dr. Guinn is based entirely upon plaintiff's subjective comments as opposed to the doctor's own independent estimate of the degree of pain present, etc. (Tr. 237-238). Given the content of the records, the Court finds that the Appeals Council correctly determined that this evidence was not material.

Because plaintiff raises no other claims, and substantial evidence of record (Tr. 114-115, 158-161 & 173-201) supports the ALJ's determination

that plaintiff can perform her past relevant work as a trimmer, the ALJ's fourth-step determination is due to be affirmed.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 21st day of December, 2006.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**